IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WESTLEY, | ) | CASE NO. 1:14 CV 932 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| AL LAZAROFF, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner James Westley filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Mansfield Correctional Institution, having been convicted in 2011 of involuntary manslaughter with one year and three year firearm specifications. He was sentenced to eleven years in prison. In his Petition, he asserts two grounds for relief: (1) the trial court abused its discretion by denying his pre-sentence *pro se* motion to withdraw his guilty plea; and (2) he received ineffective assistance of appellate counsel because his counsel (a) failed to consult with him during the appeals process, (b) failed to raise ineffective assistance of trial counsel in his direct appeal, and (c) failed to withdraw as counsel when Petitioner asked him to do so. He requests that this Court release him or reverse his conviction and grant him a new trial.

**Factual and Procedural Background**

Petitioner was charged with one count of murder, one count of having a weapon under disability, and one count of carrying a concealed weapon, on April 19, 2011. The trial court

scheduled a pretrial for October 24, 2011. On the day of the pretrial, Petitioner, pursuant to a plea agreement, pled guilty to one count of involuntary manslaughter with firearm specifications. The state dismissed the remaining weapons counts. Prior to accepting the plea, the trial court conducted a plea colloquy in compliance with Ohio Criminal Procedure Rule 11.

The trial court scheduled the sentencing hearing for November 8, 2011. On November 3, 2011, Petitioner filed a *pro se* Motion to Withdraw Guilty Plea stating he wished to proceed to trial to prove his innocence. He claimed he immediately recognized his mistake when he entered his plea. Defense counsel adopted the *pro se* Motion and indicated to the Court he would argue the merits of the Motion on his client's behalf. The trial court reviewed the plea hearing proceedings and denied the Motion before sentencing Petitioner to eleven years incarceration.

## Direct Appeal

Petitioner filed a timely appeal of his conviction. He asserted one assignment of error arguing the trial court abused its discretion in denying his Motion to Withdraw Guilty Plea because he is innocent and immediately recognized his mistake after entering his plea. The Ohio Eighth District Court of Appeals affirmed his conviction, finding the trial court conducted a full plea colloquy during which Petitioner did not express or exhibit confusion or indicate he was pressured into accepting the deal. *See State v. Westley*, No. 97650, 2012 WL 3222960, at * 1-2 (Ohio App. 8 Dist. Aug. 9, 2012).

Petitioner appealed that decision to the Ohio Supreme Court on September 24, 2012. He asserted one proposition of law:

> The trial court abused its discretion in refusing to grant Defendant-Appellant's motion to withdraw his previous plea of guilty, where such request was made previous to the imposition of sentence.

*See State v. Westley*, No. 12-1617 (Ohio S. Ct. filed Sept. 24, 2012). The Supreme Court declined jurisdiction on January 23, 2013.

### Application to Re-Open Appeal under App. R. 26 (B)

Petitioner then filed an Application to Re-Open his Appeal under Ohio Appellate Rule 26(B). He asserted his appellate counsel was ineffective for failing to assert that his trial counsel was ineffective. Specifically, he claimed his trial counsel was ineffective for:

(1) failing to adequately investigate the case;

(2) disregarding information identifying the true offenders;

(3) withholding the case discovery after numerous requests;

(4) allowing his speedy trial right to be violated;

(5) pressuring and coercing him to plead guilty;

(6) failing to seek withdrawal of his guilty plea; and

(7) failing to inquire into the specifics of how and why he was pressured and coerced to plead guilty.

*State v. Westley,* No. 97650, 2013 WL 1791143, at *1-2 (Ohio App. 8 Dist. Apr. 22, 2013). The Court of Appeals denied the Application stating that grounds 1, 2, 3, 4, and 6 could not have been asserted on appeal because they were not supported from the trial court record. Petitioner's counsel would not be ineffective for failing to raise claims which were not cognizable on direct appeal. The Court further held that Petitioner did assert grounds 5 and 7 in his direct appeal and obtained a decision on the merits of those claims. He was barred by *res judicata* from arguing them again. *Id.* at *2.

Petitioner appealed this decision to the Ohio Supreme Court on July 1, 2013. He asserted

one proposition of law:

> An appellate counsel denies a criminal defendant the due process of law and the right to the effective assistance of counsel on direct appeal when counsel fails to consult with the criminal defendant regarding the direct appeal and when counsel fails to withdraw as appellate counsel where counsel intends to act contrary to the criminal defendant's instructions on direct appeal.

*See State v. Westley*, No. 13-1062 (Ohio S. Ct. filed July 1, 2013). The Ohio Supreme Court declined jurisdiction to hear the appeal on September 25, 2013.

## Habeas Petition

Petitioner filed this Petition for a Writ of Habeas Corpus on April 30, 2014. He asserts two grounds for relief:

> (1) The trial court abused its discretion when it denied the Petitioner's pre-sentence *pro se* Motion to Withdraw Guilty Plea after hearing the Petitioner's court appointed Cuyahoga County public defender admittedly testify to pressuring and coercing the petitioner to plead guilty, Fifth and Fourteenth Amendment violation of the United States Constitution, Due Process violations.
>
> (2) Ineffective assistance of appellate counsel. Appellate counsel failed to consult with the Petitioner on Direct Appeal, and failed to raise ineffective assistance of trial counsel on direct appeal or withdraw as counsel at the Petitioner's request. Sixth Amendment violation of the United States Constitution.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the

principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable

deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate

and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because a Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### Analysis

Here, Petitioner has not exhausted his state court remedies. While Petitioner asserted his first claim on direct appeal, he stated the claim solely as a violation of state law. The Eighth District Court of Appeals addressed the claim as a violation of state law, applying Ohio Criminal Rule 11, and various Ohio cases to determine whether the trial court abuses its discretion when it does not liberally allow the plea to be withdrawn prior to sentencing. Petitioner now asserts for the first time that he was denied due process when he was not permitted to withdraw his plea. This is a different

claim than the one asserted in the Ohio Court of Appeals. His first ground for relief is unexhausted.

Petitioner's second ground for relief is also unexhausted. This ground for relief has three parts: (1) his appellate counsel was ineffective because he failed to consult with the Petitioner on direct appeal; (2) his appellate counsel was ineffective because he failed to assert claims for ineffective assistance of trial counsel; and (3) his appellate counsel failed to withdraw from his case when Petitioner requested that do so. He indicates he asserted these claims in his Rule 26(B) Application.

Petitioner did not raise his first or third sub-claims in his Rule 26(B) Application. In the Application before the Court of Appeals, Petitioner asserted his appellate counsel was ineffective for failing to raise seven claims of ineffective assistance of trial counsel. He asserted his first and third sub-claims for the first time when he appealed the denial of his Application to the Supreme Court of Ohio, however, the Court declined jurisdiction without comment. These two sub-claims were never presented to the Court of Appeals for consideration on the merits of his Application to Re-Open his direct appeal.

Petitioner did assert his second sub-claim in his Rule 26(B) Application. The Court of Appeals denied the Application, stating that two of the claims were argued by counsel on direct appeal and Petitioner could not re-open his appeal to argue those claims for a second time. The other five claims could not have been raised on appeal and should have been raised in a post conviction motion, and therefore his counsel was not ineffective for failing to raise claim that are not cognizable on appeal. Petitioner did not procedurally satisfy the requirements to re-open his direct appeal. Moreover, when Petitioner appealed the denial of his Rule 26(B) Application to the Ohio Supreme Court, he did not raise the seven claims he asserted before the Ohio Eighth District Court of Appeals.

He instead claimed his appellate counsel did not consult with him and did not withdraw when he refused to comply with Petitioner's instructions for his direct appeal. His second sub-claim is unexhausted.

As explained above, a Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a Petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a Petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a Petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099

(6th Cir.1989).

In this case, it would be futile for Petitioner to return to state court. He did not raise his first ground for relief as a federal constitutional question on direct appeal. He already attempted to reopen his appeal and that application was denied. There is no indication that he could return to state court and attempt to reopen his appeal a second time to assert the same basic claim under a different legal theory. That ground is procedurally defaulted.

Similarly, Petitioner has no remaining viable remedy in state court to assert the three sub-claims in his second ground for relief. His first and third claims of ineffective assistance of appellate counsel could and should have been asserted in his Application to Re-open his direct appeal. The Court of Appeals already denied the Rule 26(B) Application. Petitioner would not be able to return to file another Application under new theories for relief. These sub-claims are procedurally defaulted.

Petitioner's second sub-claim was not presented to the Supreme Court of Ohio. The provision providing for delayed appeals to the Supreme Court for felony cases does not apply to petitions for post conviction relief or to appeals of the denial of Rule 26(B) Applications. Ohio S.Ct. Prac. R. 7.01(A)(4)(c). Petitioner has no available remedy to exhaust this sub-claim and it is also procedurally defaulted.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually

prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner does not suggest any factor external to the defense precluded him from raising these claims in his first appeal, on appeal to the Ohio Supreme Court, or in a properly filed post-conviction petition. He does not indicate he was prevented in any way from asserting his claims in a timely manner in the proper forum. He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Although Petitioner claims he is innocent, he pled guilty to a lesser offense for a lighter sentence. He regrets that decision and now wants a trial to establish his

guilt. There is no suggestion in the Petition that a fundamental miscarriage of justice occurred as a result of this procedural default.

### Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2014